UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| RADE PETROVIC, | ) | No. 16 B 18969 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

### MEMORANDUM OPINION

Before the court for ruling is the motion of chapter 13 trustee Glenn Stearns ("Stearns") seeking an examination under Rule 2017 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 2017, of the compensation paid to J. Kevin Benjamin ("Benjamin"), counsel for debtor Rade Petrovic ("Petrovic"). Stearns maintains that Benjamin's compensation exceeded the reasonable value of his services under section 329 of the Bankruptcy Code, 11 U.S.C. § 329.

For the reasons set forth below, Stearns's motion will be denied.

### 1. Background

The facts are taken from the motion, the parties' memoranda, Petrovic's petition and schedules, the docket in the bankruptcy case, and the proof of claim (and attachments) filed by Petrovic's ex-wife, Mirjana Petrovic ("Mirjana").

The Petrovics were married in Serbia in 1998. They have one child, a daughter. In 2008, Mirjana filed a divorce petition against Petrovic in the Circuit Court of Cook County, Illinois. On February 4, 2008, the circuit court entered a judgment for dissolution of marriage that incorporated the parties' marital settlement agreement. Among other things, the judgment obligated Petrovic to pay Mirjana $200,000 within 30 days of the judgment's entry and an additional $200,000 in annual installments of $50,000. The judgment also obligated Petrovic to

pay $2,000 per month in child support, to maintain his life insurance for the benefit of the child, and to provide health insurance for the child.

Petrovic evidently failed to comply with the judgment for dissolution, because Mirjana brought a petition requiring him to show cause why he should not be held in contempt for failing to comply with the judgment. On March 8, 2016, the circuit court granted the motion, finding a prima facie case of contempt had been shown and good cause for failure to comply with the 2008 judgment had not. The court issued the rule, noting that Petrovic had not paid Mirjana the $200,000 (plus interest) he owed her and had not maintained either the health or life insurance. Petrovic was ordered to pay $50,000 on or before June 8, 2016, and the matter was set for final disposition that day.

Rather than comply with the show cause order, on June 8, 2016, Petrovic filed a chapter 13 bankruptcy petition. His petition and schedules disclosed more than $700,000 in unsecured debt, well over the $394,725 limit in section 109(e) for a chapter 13 debtor. *See* 11 U.S.C. § 109(e).[1] Stearns therefore moved in late June to dismiss the case on the ground Petrovic was ineligible for chapter 13. In response, Petrovic argued that under section 109(e), only "noncontingent, liquidated, unsecured debts" count toward the debt limit, *id.*, and once the debts he scheduled as contingent or unliquidated were excluded, he was under the limit.

On August 19, 2016, the court ruled on the trustee's motion, agreeing with his position. Although Petrovic had checked the boxes on his schedules designating more than $400,000 of unsecured debt as contingent, unliquidated, or both, he offered no explanation why those debts

---

[1]     Under section 104(b), the debt limits in section 109(e) are adjusted every three years. *See* 11 U.S.C. § 104(b). On February 22, 2016, the unsecured debt limit was increased from $383,175 to $394,725. *See* 81 Fed. Reg. 8,748 (Feb. 22, 2016).

were in fact contingent or unliquidated. Checking the boxes alone was not enough. *See In re De Jounghe*, 334 B.R. 760, 768 (B.A.P. 1st Cir. 2005). Moreover, the schedules suggested that the debts in question were in fact neither contingent nor unliquidated, since they were neither dependent on the occurrence of a future event nor in an uncertain amount. *See In re Knight*, 55 F.3d 231, 235-36 (7th Cir. 1995). It appeared Benjamin had confused "contingent" and "unliquidated" with "disputed." But debts are not contingent or unliquidated merely because they are disputed. Disputed debts count toward the debt limit. *Id.* at 234.

Stearns, then, was right that Petrovic could not be a debtor under chapter 13. Rather than dismiss the case on the spot, however, the court gave Petrovic a chance to convert the case to one under chapter 11. Petrovic was told that if he wanted to take that opportunity, he had to move to convert the case and notice the motion for hearing on September 9, 2016. If he failed to do so, the trustee's motion would be granted and the case dismissed. Petrovic did not move for conversion, and on September 9, three months after he filed his petition, the case was dismissed.

On September 30, 2016, Stearns moved in accordance with Rule 2017 for an examination of Benjamin's fees under section 329. Stearns contends that Petrovic's ineligibility for chapter 13 was obvious, that the boxes on his schedules were checked solely to give him "an opportunity to stall dismissal of his case." What is more, Stearns says, Petrovic made no effort to pursue the case: he made no plan payments, failed to provide the trustee with pay advices, and did not provide his tax returns until the creditors meeting had been concluded. Benjamin's services therefore had no value. The fees Benjamin received from Petrovic – a $4,000 prepetition retainer, according to the Rule 2016(b) disclosure statement – should be disgorged and paid to the clerk of the bankruptcy court.

Benjamin objects to the motion primarily on jurisdictional grounds, insisting that the dismissal of the case means the court cannot entertain Stearns's motion.

## 2. Discussion

The section 329 motion will be denied. The court has jurisdiction to address the motion despite the dismissal of the bankruptcy case. But the facts do not suggest that Benjamin's compensation exceeded the reasonable value of his services, given Petrovic's likely reason for filing the case in the first place.

### a. Jurisdiction

First, jurisdiction. Although Petrovic's case was dismissed on September 9, there is still jurisdiction to decide the motion to examine Benjamin's fees. A bankruptcy court has ancillary jurisdiction to take care of "minor loose ends" remaining after a bankruptcy case has been dismissed. *In re Sweports, Ltd.*, 777 F.3d 364, 367 (7th Cir. 2015) (calling this "'clean-up' jurisdiction"); *Dery v. Cumberland Cas. & Surety Co. (In re 5900 Assocs., Inc.)*, 468 F.3d 326, 330 (6th Cir. 2006). Those "loose ends" include questions about attorney's fees. *Sweports*, 777 F.3d at 367-68; *Denison v. Marina Mile Shipyard, Inc. (In re New River Dry Dock, Inc.)*, 497 F. App'x 882, 886 (11th Cir. 2012); *In re Fricker*, 131 B.R. 932, 938 (Bankr. E.D. Pa. 1991).

A bankruptcy court therefore has ancillary jurisdiction to examine the fees of counsel for a debtor under section 329 post-dismissal. *See In re Windman*, No. CC-08-1080-MkHPa, 2009 WL 7809923, at *4 (B.A.P. 9th Cir. Nov. 18, 2009); *In re Burroughs*, No. 12-80173-TRC, 2012 WL 5053054, at *2 (Bankr. E.D. Okla. Oct. 18, 2012); *In re Hughes*, No. 05-00488, 2006 WL 3019556, at *1 (Bankr. D.D.C. Oct. 20, 2006); *In re Quaker Distribs., Inc.*, 189 B.R. 63, 68 (Bankr. E.D. Pa. 1995). Since fees are usually examined only after a case has ended, any other

rule would make section 329 virtually worthless as a tool for overseeing the attorney-client relationship. *Quaker*, 189 B.R. at 68 (noting that "overreaching counsel could frustrate the requisite court review by the simple medium of encouraging the debtor to seek dismissal"). So Stearns's motion is fair game even now.

### b. Section 329

That said, the motion must be denied. Section 329(a) of the Code requires every attorney representing a debtor in a bankruptcy case to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case . . . ." 11 U.S.C. § 329(a). Section 329(b), in turn, provides that "[i]f the compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive . . . ." 11 U.S.C. § 329(b).

Section 329 reflects a Congressional concern that a debtor's payments to his attorney present a "serious potential for evasion of creditor protection provisions of the bankruptcy laws." H.R. Rep. No. 95-595, at 329 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6285. Those payments present a "serious potential for overreaching by the debtor's attorney," *id.*, because a "failing debtor" may be tempted "to deal too liberally with his property in employing counsel to protect him in view of financial reverses and probable failure," *In re Perrine*, 369 B.R. 571, 580 (Bankr. C.D. Cal. 2007) (internal quotations omitted); *see also Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 4 F.3d 1556, 1565 (10th Cir. 1993). Section 329 accordingly provides a vehicle to subject a debtor's payments to his attorney to "careful

scrutiny." H.R. Rep. No. 95-595, at 329, 1978 U.S.C.C.A.N. at 6285.

But the purpose of section 329 is limited: it regulates "the relationship between a debtor and the debtor's attorney." *In re Merriam*, 250 B.R. 724, 731 (Bankr. D. Colo. 2000); *see also In re Gorski*, 519 B.R. 67, 74 (Bankr. S.D.N.Y. 2014). The purpose of section 329 is "to protect debtors and the estate." *Merriam*, 250 B.R. at 731; *see also In re Wegesend*, No. 13-01686, 2014 WL 3051218, at *4 (Bankr. D. Haw. July 3, 2014). Its purpose is not to protect the bankruptcy system as a whole by deterring improper filings. Bankruptcy Rule 9011 serves that purpose. *In re Haylock*, No. 07-00235, 2007 WL 3287544, at *1 (Bankr. D.D.C. Nov. 5, 2007) (describing the separate purposes of section 329 and Rule 9011). The sole question under section 329, then, is whether "the fee charged by the attorney is excessive – i.e., that it exceeds the reasonable value of the services provided . . . ." *In re Geraci*, 138 F.3d 314, 318 (7th Cir. 1998).

The answer here is no. The record suggests that Petrovic filed his chapter 13 petition simply to gain the benefit of the automatic stay. The petition was filed on the same day Petrovic was due to appear again before the state court in the contempt proceeding so that court could assess his compliance with its March order. Although Petrovic was plainly ineligible to be a chapter 13 debtor, he kept the bankruptcy case alive, opposing the trustee's motion to dismiss the case and litigating the ineligibility question for the next two months. Meanwhile, he made no plan payments and failed to provide the trustee with pay advices or tax returns. Eventually found ineligible and given the opportunity to convert his case to a case under chapter 11 (a more complex and expensive option), Petrovic declined and let the case to be dismissed. The most reasonable conclusion on this record is that Petrovic never intended to pursue the bankruptcy case, that his real goal was to delay the contempt proceeding and postpone enforcement of the

dissolution judgment against him.[2/] For that service, he paid Benjamin $4,000. Given Petrovic's goal, Benjamin's fee was not excessive.

Stearns's section 329 motion is designed, not to protect Petrovic from overreaching on Benjamin's part, but to punish Benjamin for filing the case and opposing the motion to dismiss. Stearns criticizes Benjamin's inadequate response to the dismissal motion and argues that Benjamin knew all along Petrovic was ineligible for chapter 13, that the boxes on the schedules were checked "solely to give [Petrovic] an opportunity to stall dismissal of his case . . . ." Stearns then asks for the disgorgement of Benjamin's fees to the clerk of the bankruptcy court rather than to Petrovic. That is an option under Rule 9011. *See* Fed. R. Bankr. P. 9011(c)(2) (permitting as a sanction "an order to pay a penalty into court"). It is not an option under section 329. *See* 11 U.S.C. § 329(b) (requiring the fees paid to be returned either to the estate under certain circumstances or to "the entity that made such payment"). Stearns's motion is a Rule 9011 motion dressed in section 329 clothing.

Perhaps Benjamin could have been sanctioned under Rule 9011 for his conduct here. But if so, it was incumbent on Stearns to move for sanctions under Rule 9011, citing the Rule and complying with its procedural requirements. Section 329 is not a vehicle for sanctioning a debtor's attorney. Its purpose, again, is to prevent attorneys from overcharging for their services.

---

[2/] Benjamin concedes that the "marital issue" in the state court "may have been [Petrovic's] reason for an urgent filing." He argues, however, that Petrovic wanted to resolve "issues with the Bank of Mauston" (Petrovic owned properties in Wisconsin on which the Bank of Mauston held mortgages), and Petrovic also sought to prevent the suspension of his driver's license. None of this shows the bankruptcy case was filed other than to take advantage of the stay. Rather than use the case to resolve his "issues" with the Bank, Petrovic proposed a plan that surrendered the Wisconsin properties. When the Bank moved to lift the stay, consequently, Petrovic offered no opposition, and the motion was granted. As for the driver's license, filing a doomed bankruptcy case to prevent a license suspension is no different from filing the case to stall a judgment creditor. In both instances, the debtor's goal is delay.

In this case, Petrovic was not overcharged. On the contrary, he got everything he paid for.

### 3. Conclusion

The motion of chapter 13 trustee Glenn Stearns seeking an examination of the attorney's fees of J. Kevin Benjamin, counsel for debtor Rade Petrovic, is denied. A separate order will be entered consistent with this opinion.

Dated: November 16, 2016

_____
A. Benjamin Goldgar
United States Bankruptcy Judge